<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **V.G.**, <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER OF SOCIAL SECURITY**, <br><br> Defendant. | Civil Action No. 23-3388 (ZNQ) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court on V.G.'s appeal of the Social Security Administration's denial of her request for Disability Insurance Benefits and Supplemental Security Income under Title II and/or Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. (ECF No. 4-2; "Moving Br," ECF No. 9.)  The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c), and reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1]

After reviewing the parties' submissions and the Administrative Record ("AR," ECF No. 4), the Court finds that the Administrative Law Judge's decision was based on substantial evidence and that she was properly vested with the authority to render her decision. Accordingly, the decision will be AFFIRMED.

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

1

**I.       BACKGROUND AND PROCEDURAL HISTORY**

On July 12, 2017, Plaintiff V.G. ("Plaintiff") filed her initial claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") due to several illnesses, injuries, and conditions starting from March 2012, including post-traumatic stress disorder, anxiety, high blood pressure, and a tumor on her liver. (AR at 96, 496). Plaintiff alleges that due to her conditions, she has been unable to work since March 27, 2012. (*Id.* at 97.)

On February 18, 2021, after a hearing, an Administrative Law Judge ("ALJ"), denied Plaintiff's applications for DIB and SSI. (*Id.* at 130–143.) On November 30, 2021, the Appeals Council, however, remanded the matter back to the ALJ noting her failure to consider Plaintiff's Title II claim, particularly the history of psychiatric hospitalizations from 2012 through 2014, and what role those played in Plaintiff's delusions. (*Id.* at 153–155.) On remand, pursuant to the Appeals Council's opinion and order, the ALJ was to (1) determine "whether the claimant was disabled under Title II prior to her date last insured of June 30, 2014"; (2) "evaluate the severity of the claimant's polysubstance use in accordance with Social Security Rulings 85-28 and 16-3p, and 20 C.F.R §§ 404.1522 and 416.922"; (3) "[g]ive further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations"; (4) "conduct . . . further proceedings . . . to determine whether drug addiction is a contributing factor material to the determination of [the] disability"; and (5) "obtain supplemental evidence from a vocational expert" if warranted by the record. (*Id.* at 153–154.) The Appeals Council concluded its Order by affording Plaintiff the opportunity for another hearing before the ALJ. (*Id.*)

### A.     Remand before ALJ

On March 15, 2022, the remand hearing took place before the same ALJ. (*Id.* at 35–54.) At the hearing, Plaintiff and a vocational expert testified.[2] (*Id.*) After the hearing, Plaintiff submitted evidence in the form of writings to the ALJ. (*Id.* at 10.) Thereafter on May 24, 2022, the ALJ concluded in an opinion, after careful consideration of all the evidence, that Plaintiff "has not been under a disability within the meaning of the Social Security Act from March 27, 2012, through the date of this decision." (*Id.* at 21.) The opinion also noted that "[b]ased on the application for a period of disability and disability insurance benefits filed on July 12, 2017, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act." (*Id.*) The ALJ explained that "[b]ased on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (*Id.*)

In her analysis, the ALJ set forth the five-step process for determining whether an individual is disabled. (*Id.* at 11 (citing 20 C.F.R. § 416.920(a)).) At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act but that she had not "engaged in substantial gainful activity" since the disability onset date, March 27, 2012. (*Id.* at 13 (citing 20 C.F.R. § 416.971 *et seq.*).)

At step two, the ALJ found that Plaintiff suffered from several severe impairments, including "depressive disorder, anxiety disorder, bipolar disorder, [and] substance abuse disorder," but noted that "[t]he diagnoses of high blood pressure, chronic liver disease, diabetes

---

[2] The vocational expert testified that there are jobs in the national economy that exist for people with Plaintiff's "limitations." (*Id.* at 50.) The expert then gave examples of jobs that Plaintiff could perform. (*Id.*) For example, according to the expert, Plaintiff could work as a labeler, hand packager, or a ticket tagger, of which there are several thousand of those jobs in the national economy. (*Id.* at 51.) The ALJ confirmed at the hearing that the expert's testimony was consistent with the Dictionary of Occupational Titles. (*Id.* at 53.)

mellitus, obesity, hepatomegaly with severe steatosis, and chronic pancreatitis" were not severe. (*Id.* (citing 20 C.F.R. § 404.1520(c)).)

At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments" that qualified under the Social Security Administration's listed impairments. (*Id.* (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).) Before proceeding to step four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with" some nonexertional limitations. (*Id.* at 15.)

At the fourth step, the ALJ concluded that Plaintiff "is unable to perform any past relevant work." (*Id.* at 19 (citing 20 C.F.R. §§ 404.1565 and 416.965).) However, at the fifth step, the ALJ concluded that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 20 (citing 20 C.F.R §§ 404.1569, 404.1569a, 416.969, and 416.969a).) As such, the ALJ concluded that "[b]ased on the application[s] for . . . disability insurance benefits . . . [and] supplemental security income filed on July 12, 2017, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act." (*Id.* at 21.)

**B.     Appeals Council**

Plaintiff appealed the ALJ's decision once again to the Appeals' Council. (*Id.* at 1–6.) On May 4, 2023, the Appeals Council denied Plaintiff's appeal, writing that it "found no reason under our rules to review the Administrative Law Judge's decision." (*Id.* at 1.) It thus denied Plaintiff's request for review and emphasized that the "Administrative Law Judge's decision was the final decision of the Commissioner of Social Security." (*Id.*)

4

## II.  LEGAL STANDARD

### A. Standard of Review

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). In reviewing applications for social security disability benefits, the district court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938)). In other words, substantial evidence "may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record. *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d

429, 431 (3d Cir. 1999)). And "[s]ince it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," courts require an explanation from the ALJ of the reason why probative evidence has been rejected to determine whether the reasons for rejection were improper. *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (internal citation omitted).

### B. Applicable Law

The Social Security Act defines "disability" as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4)(i)–(v). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)). The analysis proceeds as follows:

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's RFC and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the final step.

At step five—the final step—the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed

to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## III.   DISCUSSION

Plaintiff makes two main arguments before the Court: First, she argues that the ALJ made prejudicial evidentiary findings at stages two and three, impacting the outcome of Plaintiff's claims. (Moving Br. at 6.) More specifically, Plaintiff contends that at step two, the ALJ erred in her analysis of what impairments were and were not "severe." (*Id.* at 9.) Plaintiff emphasizes that her chronic liver disease combined with her diabetes, obesity, hypertension, and chronic pancreatitis show that she has a severe impairment. (*Id.* at 10.) As a result of the above errors, Plaintiff asserts that the ALJ's "elimination of [several medically determinable impairments] . . . dooms plaintiff's disability claim from the outset." (*Id.* at 11.)

Second, Plaintiff argues that given the above errors, the Court should remand for a "proper step [three] medical equivalence analysis," (*id.* at 26), especially given that the ALJ failed to consider Plaintiff's moderate mental and psychiatric limitations, (*id.* at 38.) More generally, Plaintiff argues that her mental RFC is not based on substantial evidence, (*id.* at 40), and that the ALJ rejected treating psychiatric opinions." (*Id.* at 26.)

The Court will address each argument in turn.

### A.  Whether the ALJ Erred at Steps Two and Three

To reiterate, at step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Plaintiff argues that the ALJ erred in her analysis of what medically determinable

8

impairments were and were not severe.  (Moving Br. at 8.)  More specifically, Plaintiff wanted the diagnoses of high blood pressure, chronic liver disease, diabetes mellitus, obesity, hepatomegaly with severe steatosis, and chronic pancreatitis to be considered "severe" by the ALJ.  (*Id.*)  This argument is without merit.

As a threshold matter, the United States Court of Appeals for the Third Circuit has held that the step two inquiry is merely a "*de minimis* screening device" used to cast out meritless claims.  *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003) (noting that "[a]n impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have no more than a minimal effect on an individual's ability to work); *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).

Moreover, even if an ALJ erroneously determines at step two that one impairment is not severe, the ALJ's ultimate decision may still be based on substantial evidence if the ALJ considered the effects of that impairment at steps three through five.  *See Rutherford*, 399 F.3d at 553; *Salles v. Comm'r of Social Sec.*, 229 F. App'x. 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in [the plaintiff's] favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless.").  Here, the ALJ found that Plaintiff had several severe impairments:  depressive disorder, anxiety disorder, bipolar disorder, and substance abuse disorder.  (AR at 13.)  Therefore, having found that at least one of Plaintiff's impairments was severe at step two, the ALJ allowed Plaintiff's claim to proceed in the sequential analysis, and any error that other conditions were not severe is harmless.

Regardless, the ALJ did not err in her analysis of Plaintiff's medically determinable impairments.  With respect to the diagnoses of high blood pressure, chronic liver disease,

diabetes mellitus, obesity, hepatomegaly with severe steatosis, and chronic pancreatitis—which Plaintiff claims should have been deemed severe—the ALJ relied on substantial evidence in finding that they were not severe. According to the ALJ, there was "no medical evidence, either opinion or otherwise, contained within the record that indicates any significant limitations" to Plaintiff's mental and physical abilities. (*Id.*) Those impairments, therefore, did not significantly impact Plaintiff's ability to perform work activities. Moreover, while citing to the Administrative Record for her conclusions, the ALJ found that Plaintiff's treatment was limited to medication management and routine follow-up care, and that there were no complications from these treatments. (*Id.*) The ALJ also considered the consultative examination, and the expert who testified, and concluded that Plaintiff's "conservative care and the lack of objective findings indicative of abnormalities is inconsistent with her allegations regarding the severity and frequency of the functional limitations." (*Id.*) Importantly, the ALJ noted that Plaintiff reported she can walk a few miles which certainly belies her testimony that she cannot perform certain tasks. (*Id.*)

This careful and thorough review and analysis of the record by the ALJ is more than sufficient under the substantial evidence standard to support her findings. *See e.g.*, *Holley v. Comm'r of Soc. Sec.*, 590 F. App'x 167, 168 (3d Cir. 2014). Plaintiff may disagree with the ALJ's conclusion, but it is clear from the ALJ's decision that Plaintiff's impairments were fully considered. Moreover, even if this Court would have decided things differently, it is bound by the ALJ's decision because the decision is supported by substantial evidence in the record. *Fargnoli*, 247 F.3d at 38.

### B. Whether Plaintiff's Mental Residual Functional Capacity Was Based on Substantial Evidence.

With respect to Plaintiff's RFC, where a finding is made before proceeding to step four, the ALJ found that Plaintiff "has the residual functional capacity to perform a full range of work at all exertional levels" but with some nonexertional limitations. (AR at 15.) Plaintiff argues that the ALJ's assessment of her RFC was deficient in two ways. First, she contends that the ALJ erred by failing to consider all of her medically determinable impairments and limitations—an argument that flows from step two and three. (Moving Br. at 33.) Second, she argues that the ALJ erred by failing to provide reasons for her findings on Plaintiff's mental functioning, and to take into account treating psychiatric opinions. (*Id.*) The Court finds neither argument persuasive.

First, for the reasons explained above, the ALJ did not err in her consideration of all the medically determinable impairments and whether they were severe at steps two and three. Because the ALJ found that some of Plaintiff's illnesses or conditions were not severe, the ALJ did not err in her subsequent analyses in the five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute, because the inquiry can end if the impairment is not severe. 20 C.F.R. § 404.1520(a)(4)(i)–(v). And importantly, "the findings [or lack thereof] at steps two and three will not necessarily translate to the language used at steps four and five." *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019).

Second, the ALJ explained that "[i]n making th[e] [RFC] finding" she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929 and Social Security Ruling 16-3p." (AR at 15.) The ALJ recognized and gave credence to Plaintiff's assertions regarding her symptoms but nevertheless explained

11

that Plaintiff's "statements concerning the intensity, persistence and limiting effects of the[] symptoms are not entirely consistent with the medical evidence." (*Id.* at 16.) The ALJ then spent over three pages of her decision providing examples and explaining why she found that Plaintiff had the RFC to perform a full range of work. (*Id.* at 15–19.) For example, the ALJ noted that Plaintiff was able to engage in activities of daily living such as bathing, dressing, grooming, and preparing meals. (*Id.* at 16.) And despite her hospitalizations and moderate limitations in understanding, remembering, applying information, interacting with others, concentrating, persisting, and maintaining pace, the ALJ found that there were no gross cognitive deficits and that Plaintiff's judgment was fair. (AR at 17–18.) In fact, the ALJ noted that an examination revealed that Plaintiff's intellectual functioning was average. (*Id.*) The Court concludes that these factual determinations are based on evidence in the record and should not be disturbed.

The ALJ also provided reasons in her opinion as to why some of the doctors' testimony was unpersuasive and/or persuasive; the ALJ found the assessments of Dr. Arrington, Kleinman, and Carter persuasive. (*Id.* at 19.) And notably, the ALJ relied on the expert's testimony at the remand hearing, who explained that there are several jobs in the national economy of which Plaintiff can perform. (*Id.* at 50–53.)

In sum, the ALJ thoroughly analyzed all the evidence in the record, including the medical evidence, and did more than simply recite that evidence in her opinion. The ALJ provided thoughtful explanations for her findings and set forth in detail why she was rejecting or accepting certain pieces of evidence. As such, the Court finds that substantial evidence supports the ALJ's five-step determination and conclusion.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court will AFFIRM the ALJ's decision. An appropriate Order will follow.

Date: **October 18, 2024**

<u>s/ Zahid N. Quraishi</u>
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
